UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NORM NEVINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 4:11cv25 |
| ) | |
| TOWN OF GOODLAND, INDIANA; TOWN ) | |
| OF GOODLAND POLICE DEPARTMENT; ) | |
| Goodland Police Chief MATTHEW HALL; and ) | |
| Goodland Police Officer MICHAEL RIECK, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss plaintiff's complaint in part, filed by the defendants on May 25, 2011. The plaintiff, Norm Nevinger ("Nevinger"), filed his response on June 8, 2011, to which the defendants replied on June 13, 2011.

For the following reasons, the motion to dismiss will be granted.

Discussion

Nevinger alleges that he suffered damages due to actions of the defendants in connection with a vehicle chase on July 18, 2009, subsequent charges filed against him for neglect of a dependent child, resisting law enforcement, criminal mischief and reckless driving, and his resulting arrest. Nevinger asserts claims against the defendants for violations of the his constitutional rights. Specifically, Nevinger brings these claims against the Town of Goodland, Indiana, the Town of Goodland Police Department ("Police Department"), Goodland Police Chief Matthew Hall ("Chief Hall"), in both his official and individual capacity, and Goodland Police Officer Michael Rieck ("Officer Rieck"), in both his official and individual capacity.

The defendants request that the court dismiss the claims against the Town of Goodland,

the Police Department, and the official capacity claims against Chief Hall and Officer Rieck.. The defendants have advised that an answer has been filed on behalf of Chief Hall, in his individual capacity, and Officer Rieck in his individual capacity.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. See Triad Assoc., Inc. v. Chi. Hous. Auth., 892 F.2d 583, 586 (7th Cir.1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed.2004). The recognized standard for reviewing the grant of a motion to dismiss for failure to state a claim is whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept as true all material facts well pleaded in the complaint, and must view the alleged facts and make all reasonable inferences in the light most favorable to the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); City of Milwaukee v. Saxbe, 546 F.2d 693, 704 (7th Cir. 1976). However, in giving the pleadings a liberal construction, the court is not required to accept legal conclusions either alleged or inferred from the pleaded facts. Id.; Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir.1979).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), quoting Bell Atlantic Corp., 550 U.S. at 570 (2007). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." Id. Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 555).

In support of their motion to dismiss, the defendants first argue that any claims against the Town of Goodland Police Department must be dismissed because it is not an entity that can sue or be sued. Federal Rule of Civil Procedure 17(b)(3)(A) provides that the law of the state where the court is located determines whether an entity has the capacity to sue or be sued. See also McMillan v. Monroe County, 520 U.S. 781, 786 (1997). As such, the issue of whether the Police Department may be sued is governed by Indiana law. Under Indiana law, municipal police departments are not suable entities, and thus, all claims against the Police Department must be dismissed. Sow v. Fortville Police Department, --- F.3d ----, 2011 WL 477050 (7th Cir.2011).

Under Indiana law, although a "unit" of local government may be sued, its individual departments including its police department may not. IC 36-1-4-3. Indiana Code defines a "unit" of government as a "county, municipality, or township." IC 36-1-2-23. The Police Department is none of these. Rather, it is well-settled that a municipal police department has no separate corporate existence and "is merely a vehicle through which the [city] government fulfills its policy functions." Jones v. Bowman, 694 F.Supp. 538, 544 (N.D. Ind. 1988); West v.Waymire, 114 F.3d 646, 646-647 (7th Cir. 1997). "A city's police department is not a suable entity apart from the municipality" Susanowiz v. Town of Hamilton, 2011 WL 657777 at *3 (N.D.Ind.) (citing West v. Waymmire, 114 F.3d 644, 646-67 (7th Cir.1997)).

Nevinger does not dispute that the Police Department is not a suable entity. As the

3

defendants are clearly correct on this point, all claims against the Police Department will be dismissed.

The defendants next argue that the claims against the Town of Goodland and Chief Hall and Officer Rieck, in their official capacities, should be dismissed for failure to state a claim. In order to maintain a Section 1983 claim against a municipal entity, a plaintiff must demonstrate that his constitutional rights were violated by some official policy or custom. <u>Monell v. Department of Social Services,</u> 436 U.S. 658, 694 (1978). A plaintiff may establish the existence of official policy or custom by showing: (1) the existence of an expressed municipal policy that caused the alleged violation of his constitutional rights; (2) establishing that the person who committed the constitutional tort was an official with policy making authority; or (3) establishing the existence of pattern, practice or custom so widespread or persistent that it rises to a level of a policy which can be fairly attributed to the municipality. <u>Baxter v. Vigo County School Corp.</u>, 26 F.3d 728, 735 (7th Cir.1994). Further, a plaintiff must establish that the policy was a moving force behind the injuries alleged. <u>Board of County Commissioners of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 411 (1997). Unless there is an unconstitutional policy that causes the injury, there cannot be municipal liability. <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989). Proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>. <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 (1985). As discussed more fully below, a claim against an officer sued under Section 1983 in his or her official capacity also operates in the same manner as the claim against the governmental entity itself. <u>Monell</u>, 436 U.S. at 690 n. 55.

Although it is not necessary that Nevinger prove his case at this juncture, the defendants

4

nevertheless argue that he has failed to provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft, 129 S. Ct. at 1950 (internal quotations omitted). According to Seventh Circuit precedent, a plaintiff's claims based upon bare allegations of a custom or policy under Monell should be dismissed where he has alleged no facts to suggest that the policies of which he complains actually exist. Strauss v.City of Chicago, 760 F.2d 765, 767 (7th Cir.1985). Pursuant to Strauss and as discussed above, the court will dismiss a complaint when it rests solely on conclusory allegations and fails to allege any well pleaded facts of any occurrence or policy other than that incident involving the plaintiff. Id. at 768.

The Strauss court instructed that the plaintiff may not simply "track Monell's requirement of official policy" or "add Monell boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the 'claims' made." Id.; see also Rodgers v. Lincoln Towing Service, Inc., 596 F.Supp. 13, 20 (N.D.Ill.1984) (claims "based on wholly conclusory allegations of a de facto municipal policy, the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions"); Tritsis v. Officer Owsley, No. 83 C 1264, slip op. at 4 (N.D.Ill. June 13, 1983) (no facts alleged in complaint other than those relating to the single incident involving plaintiff; court concluded that "[o]ne incident of unconstitutional conduct does not show that a city has a policy of encouraging police officers to engage in unconstitutional acts"); Sutliff, Inc. v. Donovan Co., 727 F.2d 648, 654 (7th Cir.1984) (even under the notice pleading of the federal rules, pleader must still include either direct or inferential allegations respecting all the material elements of a claim, and bare legal conclusions

5

attached to the narrated facts will not suffice).

In Strauss, the plaintiff at least attempted to establish minimal facts by producing statistical summaries from the Office of Professional Standards regarding complaints filed with the police department. 760 F.2d at 768. However, the court found that these statistics, without more, indicated nothing. Id. at 769. "People may file a complaint for many reasons or for no reason at all. That they filed complaints does not indicate that the policies that Strauss alleges exist do in fact exist and did contribute to his injury." Id.

Likewise, in Johnson v. Anderson, the defendants moved to dismiss the plaintiff's Monell claim on the grounds that the plaintiffs did not make any express factual allegations that Marion County had an express policy, widespread practice, or custom that caused the plaintiffs' alleged constitutional deprivation. 2011 WL 43220, *2 (S.D.Ind.2011). The plaintiffs urged the court that dismissal would be premature because although they plead express facts to support only one specific incident, they need further discovery to determine whether this incident is part of a custom or widespread practice. Id. The court rejected the plaintiffs' argument that dismissal at this stage would be "premature" and dismissed the Monell claims. Id. In so doing, the court held that the plaintiffs' "conclusory language about Marion County's 'policy or custom' violating Plaintiffs' constitutional rights without further factual allegations does not meet the pleading standard" or cure the fact that they pled only one specific factual incident, which is not enough to impose liability under Monell. Id.; City of Oklahoma City v. Tuttle, 471 U.S. 808, 824, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

The defendants argue that in the present case, Nevinger has failed to produce any indicia that policies exist, failing to rise even to the level of facts produced by Strauss. 760 F.2d at 768.

The defendants contend that Nevinger simply tracks the elements of a <u>Monell</u> claim in his Complaint by stating that the facts which were alleged were "consistent with an institutionalized practice," (Complaint, p. 16), or by plainly stating that "[d]espite knowledge of these institutionalized practices" the defendants have failed to take action, (Complaint, p. 17). The defendants argue that the "boilerplate allegations" in paragraph 19 are unsupported by a single fact other than those relating to the single incident between Nevinger and Chief Hall and Officer Rieck. <u>See</u> <u>Strauss</u>, 760 F.2d at 768. The defendants note that not a single fact has been provided with respect to any complaints regarding officers of the Town of Goodland, let alone the Town's failure to effectively respond to them, or their policies or practices with respect to hiring, training or disciplining officers. (Complaint, p. 19). Thus the defendants conclude that these "bare legal conclusions" based not upon anything that the Town of Goodland, Chief Hall, in his official capacity, or Officer Rieck, in his official capacity, did, but upon something they did not do, cannot suffice. <u>Sutliff, Inc</u>., 727 F.2d at 654; <u>Rodgers</u>, 596 F.Supp. at 20.

Nevinger attempts to distinguish this case from <u>Strauss</u> on the basis that his Complaint makes allegations of failure to train, failure to discipline, and failure to take adequate precautions in hiring. (Memo in Opp. to Defendants' Mot. to Dismiss, at 4). However, as in <u>Strauss v. City of Chicago</u>, 760 F.2d 765, 767 (7th Cir.1985), the allegations that the Town of Goodland "failed to properly train Officer Rieck" and the like are nothing more than "boilerplate allegations" which cannot withstand a motion to dismiss. Nevinger alleges, for example, that the Town failed to establish a bona fide system of dealing with complaints, but has failed to set forth a single fact regarding that system, any complaint or any other fact to support any of his allegations which he states are somehow "institutionalized practices." (Complaint, p. 19).

7

Simply stating that a municipality has failed to train its police officers cannot survive a 12(b)(6) motion to dismiss under the pleading standard set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Eckhart v. Bourrell, 2011 WL 38993, at *5 (N.D.Ind.Jan.4,2011); Hutchens v.Harrison, 2009 WL 1139121, at *6 (N.D.Ill.Apr.28, 2009); Suber v. City of Chicago, 2011 WL 1706156, at *4 (N.D.Ill.May 5, 2011). In Eckhart, as in this case, the plaintiff alleged no facts regarding the somehow inadequate training of the defendant beyond the allegation that the other defendants "were responsible for the training of police officers in the performance of their duties as policemen and in particular in training police officers how to make a proper arrest" and that they "trained [the defendant] in making arrests in accordance with the statutes, ordinances, regulations, customs and usages of the City of Crown Point and the Crown Point Police Department." 2011 WL 38993, at *5. The district court determined that this allegation could not survive the defendants' motion to dismiss because the complaint did not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" regarding the failure to train claims, and "must therefore be dismissed" under Iqbal. Id.; see also Pope v. City of Chicago, 1996 WL 392162 (N.D. Ill. 1996); Land v. Wayne County Sheriff's Dep't, 2010 WL 2195454, at *2 (S.D. Ind. May 27, 2010); Hutchens, 2009 WL 1139121, at *6; Suber, 2011 WL 1706156, at *4.

In the present case, Nevinger incorrectly attempts to characterize his allegation of failure to train as a "sufficient fact" or as "evidence" that the policy causing the injury exists. (Memo in Opp. to Defendants' Mot. to Dismiss, at 4). However, the foregoing cases conclusively demonstrate that this unsupported allegation is neither a fact nor evidence. Nevinger plainly alleges in his Complaint and states in his Memorandum in Opposition that the Town "failed to

properly train Officer Rieck" and that Chief Hall was "responsible for training and supervising Officer Rieck." (Memo in Opp. to Defendants' Mot. to Dismiss, at 4). As in Eckhart, Land, Hutchens, Suber and Pope, these bare allegations of a failure to train are not sufficient to survive a motion to dismiss under Federal Rule 12(b)(6).

Again the court acknowledges that Nevinger need not prove his case at this point in the litigation. However, he has failed to provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." In fact, he has failed to allege a single fact outside of the July 18, 2009 incident to support any claim under Monell. The "boilerplate allegations" in paragraph 19 of his Complaint are unsupported by any facts other than those relating to the one incident between Nevinger and the individual defendants, Chief Hall and Officer Rieck. See Strauss, 760 F.2d at 768.

As discussed above, even under the liberal notice-pleading standard of the federal rules, the Complaint must still contain direct or inferential allegations with respect to all material elements of a Monell claim. Sutliff, Inc., 727 F.2d at 654. Yet, in the case at bar, no facts have been provided with respect to any complaints regarding officers of the Town of Goodland, let alone the Town's failure to effectively respond to them, or their policies or practices with respect to hiring, training or disciplining officers. (Complaint, p. 19). As a result, all claims against the Town of Goodland, Chief Hall, in his official capacity, and Officer Rieck, in his official capacity, will be dismissed. Ashcroft, 129 S. Ct. at 1950 (internal quotations omitted).

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss the plaintiff's complaint in part [DE 10] is hereby GRANTED.

Entered: July 12, 2011.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court